UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | 3:19-CR-329-M |
| | § | |
| MICKAEL GEDLU, | § | ECF |
| Defendant. | § | |

## ELEMENTS OF THE OFFENSE AND FACTUAL RESUME

In support of the Defendant's plea of guilty to Count One of the one-Count Indictment charging a violation of 18 U.S.C. § 871, MICKAEL GEDLU ("Mr. Gedlu), and his attorney, First Assistant Federal Public Defender John M. Nicholson, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

Title 18, United States Code, Section 871, and supporting caselaw, provide the following:

It is a violation of federal criminal law to knowingly and willfully write and/or convey words to others that contain a threat to the President of the United States of America.

The elements of a violation of 18 U.S.C. § 871 are:

1. That Mr. Gedlu wrote a threat against the President of the United States in or about the time period as charged in the indictment;

2. That Mr. Gedlu understood and meant the words he wrote as a threat–a "threat" is a serious statement expressing an intention to kill, kidnap, or injure the President, which under the circumstances would cause apprehension in a reasonable person, as distinguished from words used as mere political argument, idle talk, exaggeration, or something said in a joking manner. Mr. Gedlu need not have intended to carry out the threat for the words he wrote to constitute a "threat."

3. That Mr. Gedlu wrote the words knowingly and wilfully, that is, intending them to be taken seriously.

## PUNISHMENT FOR THE OFFENSE

Sentence: The maximum penalties the district court can impose include the following:

1. imprisonment for a period not to exceed five years;

2. a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to Mr. Gedlu or loss to the victim;

3. the sentencing court may impose a term of supervised release not to exceed three years; if Mr. Gedlu violates the conditions of supervised release, he could be imprisoned for up to three years, but for no more than two years at one time;

4. a mandatory special assessment of one-hundred dollars;

5. restitution to victims or to the community, which is mandatory under the law; and

6. costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Gedlu has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the applicable statutes, the Sentencing Guidelines, and the factors included in 18 U.S.C. § 3553(a). However, the Guidelines are not binding and the district court, in its discretion, may sentence Mr. Gedlu to the statutory maximum penalties, if that "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set for in . . . [18 U.S.C. § 3553](a)(2)[.]" Mr. Gedlu understands that, if the district court imposes a sentence greater than he expects, he will not be able to withdraw his plea of "guilty" based solely upon that higher sentence as long as the sentence is within the statutory maximum punishment. Congress has abolished parole so if the district court sentences Mr. Gedlu to a term of imprisonment, he understands that he will not be released on parole.

Mr. Gedlu understands that a conviction for the charged felony-offense will deprive him of important constitutional and civil rights, which includes, *inter alia*, the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

## **CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS**

1. Mr. Gedlu understands that he has the following constitutional rights:

    a. the right to plead not guilty to the charged offense;

    b. the right to have a speedy trial by a jury in this District;

    c. the right to have his guilt proven beyond a reasonable doubt;

    d. the right to confront and cross-examine witnesses and to call and subpoena witnesses and material in his defense; and

    e. the right to not be compelled to incriminate himself.

2. The waiver of these rights.

Mr. Gedlu waives the aforementioned rights and pleads guilty to the offense alleged in the one-count Indictment charging him with violating 18 U.S.C. § 871. Mr. Gedlu understands the nature of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## STIPULATED FACTS

Mr. Gedlu agrees that on or about December 29, 2018 in the Dallas Division of the Northern District of Texas, he knowingly and willfully wrote and posted a threat against the President of the United States of America in the comments section of a video publication, *The Greg Gutfeld Show*, on YouTube's FOX NEWS channel. Specifically, Mr. Gedlu posted "I'm waiting for Trump to visit Dallas before I attempt to assassinate him." Mr. Gedlu agrees admits that this conduct violates 18 U.S.C. § 871.

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Gedlu has thoroughly reviewed his constitutional rights, the facts of his case, the nature of the offense, the statutory penalties, and the Guidelines and 18 U.S.C. § 3553(a) with his attorney. Mr. Gedlu has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document and is satisfied with his attorney's representation of him in this case. Mr. Gedlu concedes that he is guilty of the charged offense, and he concludes that it is in his best interests to plead guilty instead of going to trial.

AGREE TO AND SIGNED this 14th day of November 2019.

_____    _____
**Mickael Gedlu**                 **John M. Nicholson**
Defendant                         First Assistant Federal Public Defender