# UNITED STATES DISTRICT COURT
## for
## NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Mickael Gedlu | Case No.: | 3:19-CR-00329-M(1) |
| Name of Sentencing Judge: | Chief U.S. District Judge Barbara M. G. Lynn | | |
| Date of Original Sentence: | April 24, 2020 | | |
| Original Offense: | Threats Against the President, in violation of 18 U.S.C. § 871, a Class D felony | | |
| Original Sentence: | 18 months custody, 3-year term of supervised release | | |
| Revocations: | None. | | |
| Detainers: | None. | | |
| U.S. Marshals No.: | 58997-177 | | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | October 13, 2020 |
| Assistant U.S. Attorney: | Rebekah Perry Ricketts and Ryan Raybould | Defense Attorney: | John M. Nicholson (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

### Previous Court Notifications

On November 3, 2020, a Petition for Offender Under Supervision which alleged new criminal conduct was filed and the Court issued a supervised release violator's warrant. On April 28, 2021, an Addendum to the Petition for Offender Under Supervision was filed to provide the Court with additional information. On May 5, 2021, Mickael Gedlu appeared for a final revocation hearing and pleaded true to the violations contained in the Petition for Person Under Supervision. At the conclusion of the hearing, the Court continued Mr. Gedlu on supervised release and imposed two additional conditions of supervision, the defendant shall not use "Suicide_bomber83" as a username or email address and the defendant shall not post on any websites or social media platforms, including, but not limited to, Reddit. On June 24, 2021, the Court was provided a status update on Mr. Gedlu, including his noncompliance with mental health treatment and his failure to take psychotropic medication as directed by his psychiatrist. The U.S. Probation Office requested no Court action.

I.

### Violation of Mandatory Condition

You must not commit another federal, state, or local crime.

### Nature of Noncompliance

On August 1, 2021, in Forney, Texas, Mr. Gedlu violated this condition of supervised release when he exposed his genitals in public, as evidenced by his arrest by Forney, Texas, police for Indecent Exposure, in violation of Texas Penal Code § 21.08, a Class B misdemeanor, and by offense report no. 202114389.

On August 1, 2021, Forney, Texas, police responded to multiple calls regarding a man who was standing on top of his vehicle and holding a sign that read "Kill Trump" and "me too." Upon arrival, officers shut down part of the road due to Mr. Gedlu running naked in the middle of traffic. When officers exited their vehicle, Mr. Gedlu climbed back on top of his vehicle and began yelling at the officers as they approached. Mr. Gedlu screamed "fuck you" to the officers. Mr. Gedlu was observed as he grabbed and shook his genitals in public at passing vehicles. Mr. Gedlu continued to yell "kill Trump" and requested that officers use some type of force on him. He told officers that he needed to make point, and stated, "I need you to take me down, it's good for the media." Officers attempted to calm Mr. Gedlu down as he appeared to be agitated. When officers asked Mr. Gedlu to put his clothes back on, he complied. A passerby drove by the scene and yelled "show me your dick" and Mr. Gedlu exposed and shook his genitals at the passerby. Officers instructed Mr. Gedlu multiple times to get off the top of the vehicle; however, he did not comply. Officers climbed on top of Mr. Gedlu's vehicle. He was instructed to get on his knees and he complied. Mr. Gedlu was placed in handcuffs, and officers assisted him off the vehicle. Mr. Gedlu was asked multiple questions regarding his mental state. It was determined Mr. Gedlu was in the right mental state as he was able to answer all questions. Mr. Gedlu stated he was protesting an incident which occurred involving a female and Kaufman County Sheriff's deputies. Mr. Gedlu was placed under arrest for Indecent Exposure and on August 7, 2021, he was released from the Kaufman County Jail.

## II.

### Violation of Special Condition

The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

### Violation of Special Condition

The defendant must take all mental health medication as prescribed by his treating physician.

### Nature of Noncompliance

Mr. Gedlu violated these conditions of supervised release when he failed to attend individual mental health counseling sessions at Centro de mi Salud (CDMS), Dallas, Texas, as directed on June 29, 2021, and July 19, 2021, and when he failed to take his psychotropic medication as directed by his physician. On June 22, 2021, Mr. Gedlu informed Senior U.S. Probation Officer Holly Lindle (Senior USPO Lindle) that he had not been attending CDMS as required and admitted he was not taking his psychotropic medication as directed by his psychiatrist.

### Personal History

On May 5, 2021, Mr. Gedlu appeared for a final revocation hearing before the Court. At the conclusion of the hearing, Mr. Gedlu was continued on supervised release. Since that time, Mr. Gedlu was approved for 100 percent disability through the Veteran's Administration (VA). In addition, Mr. Gedlu is hopeful the disability approval will assist him get on the waiting list for inpatient mental health services through the VA in Bonham, Texas.

Mr. Gedlu discontinued services for Eye Movement Desensitization and Reprocessing (EMDR) and he reported not receiving the desired results. He reported being interested in receiving prolonged exposure therapy and plans to receive this therapy through the VA. Mr. Gedlu has failed to attend mental health treatment as directed and he is not taking his psychotropic medication as prescribed. As evidenced by his August 1, 2021, contact with law enforcement and subsequent arrest, Mr. Gedlu is a risk to the community and himself.

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3)(A), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None. | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 9, 2021
Respectfully submitted,

*Holly Lindle*
Holly Lindle
Senior U.S. Probation Officer
Dallas
Phone: 214-753-2538

Approved,

Richey James
Supervising U.S. Probation Officer
Phone: 817-505-0996

**Order of the Court:**

- ☐ No action.
- ☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons
- ☐ Other or Additional: _____
- ☐ File under seal until further order of the Court.

The Honorable Barbara M. G. Lynn
Chief U.S. District Judge

Date: 8.10.21